CULLEN & DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.

Proposed Counsel for the College of New Rochelle

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re:                                                      :   Chapter 11
                                                            :
THE COLLEGE OF NEW ROCHELLE,                                :   Case No.
                                                            :
                                                            :
                        Debtor.                             :
                                                            :
------------------------------------------------------------x

## MOTION PURSUANT TO RULE 9007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORITY TO ESTABLISH NOTICE PROCEDURES

The College of New Rochelle (the "Debtor"), by its proposed attorneys Cullen and Dykman LLP, respectfully represents as follows:

### Introduction

1.  On September 20, 2019 (the "Petition Date"), the Debtor commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  No official committee of unsecured creditors has yet been appointed by the Office of the United States Trustee for Region 2 (the "U.S. Trustee") in this Chapter 11 case.

3. Simultaneously with the filing of its petition, the Debtor filed the Affidavit of Mark Podgainy pursuant to Local Bankruptcy Rule 1007-2 (the "Podgainy Affidavit"). A more detailed factual background of the Debtor's business and operations, as well as the events leading to the filing of this chapter 11 case, is more fully set forth in the Podgainy Affidavit, the contents of which are incorporated herein by reference.

## Jurisdiction

4. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5. By this Motion, the Debtor seeks entry of an order establishing appropriate notice procedures for this Chapter 11 Case. For the reasons set forth below, the Debtor requests entry of an order limiting notice on various matters to only the affected parties.

6. The Debtor has approximately 2,400 known creditors. Notice of pleadings and other papers filed in this cases to all of these creditors is often unnecessary, and the labor, photocopying and postage expenses associated with large mailings would be extremely burdensome and costly to the estate.

## Cause Exists to Establish Truncated Notice Procedures

7. Consistent with the approach taken in other chapter 11 cases, the Debtor proposes to establish a master service list (the "Master Service List"), which would include: (i) the Office of the United States Trustee for Region 2 (the "U.S. Trustee"); (ii) the Debtor; (iii) the attorneys for the Debtor; (iv) the Debtor's pre- and post-petition lenders or their attorneys; (v) the attorneys for the statutory committee of unsecured creditors should one be appointed in this case (the "Committee"); (vi) the Debtor's twenty (20) largest unsecured creditors; (vii) any party

2

whose interests are directly affected by a specific pleading; (viii) those persons who have formally appeared and requested service in these cases pursuant to Rule 2002 of the Bankruptcy Rules; (ix) New York State Attorney General, not-for-profit office; (x) NYS Education Department; (xi) US Department of Education; and (xii) any other government agency, to the extent required by the Bankruptcy Rules or the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

8. Consistent with the foregoing, the Debtor has prepared an initial proposed Master Service List, a copy of which is annexed hereto as Exhibit "A".

9. The proceedings with respect to which notice is proposed to be limited to those parties included on the Master Service List would include all matters covered by Bankruptcy Rule 2002, with the express exception of the following: (i) notice of the first meeting of creditors pursuant to section 341 of the Bankruptcy Code; (ii) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c); (iii) the sale of all or any substantial portion of the assets of the Debtor; (iv) the time fixed for filing objections to, and the hearing to consider approval of, a disclosure statement or confirmation of a plan of reorganization; and (v) notice of and transmittal of ballots for accepting or rejecting a plan of reorganization. Except as set forth below, the foregoing proceedings would be noticed to all parties in interest in accordance with Bankruptcy Rule 2002, at their last known address, unless otherwise ordered by the Court or otherwise prescribed by the Bankruptcy Code. The Master Service List would also be used for matters, other than those governed by Bankruptcy Rule 2002, that may be required by the Local Rules to be served upon all parties in interest.

10. The Debtor will update the Master Service List as needed to include the names and addresses of any party in interest who has formally appeared and requested service. Such

updated Master Service List will be filed with the Court on a monthly basis, but only in the event that it has been modified during the prior month.

11. The Debtor believes that the administration of this case would be more efficient and cost effective if the relief requested is granted. Because the relief requested herein is in the best interests of the Debtor, its estate, and its creditors, and will not prejudice the rights of any party in interest in this case, the Debtor submit that the Motion should be granted.

### Notice

12. No trustee, examiner, or creditors' committee has been appointed in the Debtor's chapter 11 case. Notice of this Motion has been provided to (i) the Office of the U.S. Trustee; (ii) the holders of the twenty (20) largest unsecured claims against the Debtor; (iii) the Debtor's pre- and post-petition lenders; and (iv) any person filing a Notice of Appearance in this case.

13. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, a proposed copy of which is annexed hereto as Exhibit "B", granting the relief requested herein and such other or further relief as is just and proper.

Dated: Garden City, New York
September 20, 2019

CULLEN AND DYKMAN LLP

BY:  _s/ Bonnie Pollack_
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700

Proposed Attorneys for The College of New Rochelle

4

# EXHIBIT A

# MASTER SERVICE LIST

## **MASTER SERVICE LIST**

United States Trustee
Susan Arbeit, Esq.
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10004

Cullen and Dykman LLP
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
100 Quentin Roosevelt Boulevard
Suite 402
Garden City, New York 11530

Internal Revenue Service
Office of Counsel 1600 Stewart Avenue
Suite 601
Westbury, New York 11590

Internal Revenue Service
Centralized Insolvency Ops.
PO Box 7346
Philadelphia, PA 19101-7346

NJ Div. of Taxation
PO Box 245
Trenton, NJ 08695-0245

NYC Department of Finance
Attn: Legal Affairs
345 Adams Street
3rd Floor
Brooklyn, New York 11201

NYS Dept. of Taxation/Finance
Bankruptcy Special/Proc. Sec.
PO Box 5300
Albany, New York 12205-0300

US Department of Labor
200 Constitution Avenue, NW
Washington, DC 20210

US Atty Office-SDNY
Attn: Tax & Bankruptcy Unit
3rd Floor
New York, New York 10007

U.S. Department of Education
400 Maryland Avenue, SW
Washington, D.C. 20202

NYS Education Department
89 Washington Avenue
Albany, New York 12234

Office of the Attorney General
Not-for-Profit Section
The Capitol
Albany, NY 12224-0341

Michael P. Pompeo, Esq.
Drinker, Biddle & Reath, LLP
Counsel to Citizens Bank, N.A.
1177 Avenue o the Americas, 41st flr
New York, NY 10036

Ian Hammel, Esq.
Miyoko Sato, Esq.
Mintz, Levin, Cohen, Ferris, Glousky and Popeo, PC
Counsel to NRIDA
One Financial Center
Boston, MA 02111

Alfred E. Donellan, Esq.
Delbello, Donellan, Weingarten, Wise & Wiederkehr, LLP
Counsel to Carney Family Charitable Foundation
One North Lexington Ave
White Plains, NY 10601

Madeline Kauffman, Esq.
Nolan, Heller & Kauffman
Counsel to KeyBank, N.A.
80 State Street, 11th Fl.
Albany, NY 12207

Paul Rosenblatt, Esq.
Kilpatrick Townsend & Stockton LLP
Counsel to Summit National Investments VII LLC
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309-4528

332 E LLC
5676 Riverdale Avenue
Suite 307
Bronx, New York 10471

755 Co-op City Associates LP
Triangle Equities Management Co LLC
30-56 Whitestone Expressway
Whitestone, New York 11354

Admissions US, LLC
Campus Management Corp.
Attn: Billing
Boca Raton, FL 33487

ATI
11161 Overbrook Road
Plainview, New York 11803

Bedford Stuyvesant Restoration Corporation
2368 Fulton Street
Brooklyn, New York 11216

Con Edison
PO Box 1701
New York, New York 10116-1701

EAB Royall and Company
1920 E Parham Road
Henrico, VA 23228

FHEG Coll-New Roch. Camp Store
Store No. 518
3146 Solutions Center
Chicago, IL 60677

Industry and Local 338 Pension and Welfare
911 Ridgebrook Road
Sparks Glencoe, MD 21152-9451

Janney Montgomery Scott LLC
1717 Arch Street
22nd Floor
Philadelphia, PA 19103

Marist College Information Technology
3399 North Road
Poughkeepsie, New York 12601

Paetec Communications Inc.
PO Box 9001013
Louisville, KY 40290-1013

REEC West 125th Street LLC
c/o Real Estate Equities Corp.
18 East 48th Street
Penthouse
New York, New York 10017

Registry for College & University Presidents
3 Centennial Drive
Suite 320
Peabody, MA 01960

Strata Information Group
3935 Harney Street
Suite 203
San Diego, CA 92110

Tax Collector-New Rochelle
City Hall Tax Office
515 North Avenue
New Rochelle, NY 10801

Transworld Systems Inc
PO Box 5505
Attn: Norcross
Lockbox 24886
Carol Stream, IL 60197-5505

Waldo
118 N Bedford Road
Suite 201
Mount Kisco, NY 10549

Westchester Academic Library Directors Org
118 N. Bedford Road
Suite 201
Mount Kisco, NY 10549

# EXHIBIT B

# PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re:                                                      :    Chapter 11
                                                            :
THE COLLEGE OF NEW ROCHELLE,                                :    Case No.
                                                            :
                                                            :
                    Debtor.                                 :
                                                            :
------------------------------------------------------------x

## ORDER PURSUANT TO RULE 9007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE ESTABLISHING NOTICE PROCEDURES

Upon the Motion dated September 20, 2019 (the "Motion"), of The College of New Rochelle (the "Debtor"), for an order pursuant to Rule 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") establishing notice procedures, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for Region 2, (ii) the Debtor's twenty largest unsecured creditors, (iii) the Debtor's pre- and post-petition lenders, and (iv) any person who filed a Notice of Appearance, and no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtor and its estate and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted

herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED, that the Motion is granted; and it is further

ORDERED, that the Debtor shall establish a master service list, which shall include: (i) the Office of the United States Trustee for Region 2; (ii) the Debtor; (iii) the attorneys for the Debtor; (iv) the Debtor's pre- and post-petition lenders or any attorneys for any lender; (v) the attorneys for the statutory committee of unsecured creditors should one be appointed in these cases (the "Committee"); (vi) the Debtor's twenty (20) largest unsecured creditors; (vii) any party whose interests are directly affected by a specific pleading; (viii) those persons who have formally appeared and requested service in these cases pursuant to Rule 2002 of the Bankruptcy Rules; (ix) NY Attorney General, not-for-profit office; (x) NYS Education Department; (xi) US Department of Education; and (xii) any other government agency, to the extent required by the Bankruptcy Rules or the Local Bankruptcy Rules for the Southern District of New York (the "Master Service List"); and it is further

ORDERED, that the proceedings with respect to which notice shall be limited to the Master Service List shall include all matters covered by Bankruptcy Rule 2002, with the express exception of the following: (i) notice of the first meeting of creditors pursuant to section 341 of the Bankruptcy Code; (ii) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c); (iii) the sale of all or any substantial portion of the assets of the Debtor; (iv) the time fixed for filing objections to, and the hearing to consider approval of, a disclosure statement or confirmation of a plan of reorganization; and (v) notice of and transmittal of ballots for accepting or rejecting a plan of reorganization; and it is further

ORDERED, that the initial Master Service List, annexed to the Motion as Exhibit "A", is approved and the Debtor shall update the Master Service List as needed to include the name and address of any party in interest who has made a written request for notice, with such updated Master Service List to be filed with the Court on a monthly basis, only in the event that it has been modified.

Dated: White Plains, New York
       September __, 2019

_____
UNITED STATES BANKRUPTCY JUDGE