CULLEN & DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.

Proposed Counsel for the College of New Rochelle

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                           :   Chapter 11
                                                                 :
THE COLLEGE OF NEW ROCHELLE,                                     :   Case No.
                                                                 :
                                                                 :
                    Debtor.                                      :
                                                                 :
-----------------------------------------------------------------x

**MOTION FOR ENTRY OF AN INTERIM AND FINAL ORDERS
AUTHORIZING THE DEBTOR TO (I) CONTINUE ITS CASH
MANAGEMENT SYSTEM, (II) MAINTAIN EXISTING BANK
ACCOUNTS, AND (III) WAIVE CERTAIN OPERATING GUIDELINES
RELATING TO BANK ACCOUNTS**

The College of New Rochelle, debtor and debtor-in-possession (the "Debtor"), by and through its proposed attorneys Cullen and Dykman LLP, hereby submits this motion (the "Motion") pursuant to sections 105, 363, 364 and 503 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, et seq. (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order authorizing the Debtor to (i) continue using its cash management system, (ii) maintain and continue to use existing bank accounts, and (iii) waive certain operating guidelines relating to bank accounts. In support of the Motion, the Debtor respectfully represents as follows:

## INTRODUCTION

1. On September 20, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

2. The Debtor has remained in possession of its property and continues in the operation and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. No official committee of unsecured creditors has been appointed by the Office of the United States Trustee for Region 2 in this chapter 11 case.

4. Simultaneously with the filing of its petition, the Debtor filed the Affidavit of Mark Podgainy pursuant to Local Bankruptcy Rule 1007-2 (the "Podgainy Affidavit"). A more detailed factual background of the Debtor's business and operations, as well as the events leading to the filing of this chapter 11 case, is more fully set forth in the Podgainy Affidavit, filed contemporaneous herewith and incorporated herein by reference.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. The statutory predicates for the relief sought herein are sections 105, 363, 364 and 503 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004.

## DEBTOR'S BANK ACCOUNTS

7. As of the Petition Date, the Debtor maintained a cash management system comprised of seven (7) bank accounts (the "Bank Accounts") identified on Exhibit B hereto, for

the collection, management, and disbursement of funds used in its operations (the "Cash Management System").[1] A description of the accounts is as follows:

    a. Operating Account- the account from which the Debtor's operating expenses are paid. The Debtor has two (2) operating accounts, one at TD Bank and one at Country Bank. The Operating Account at Country Bank utilizes the Debtor's fraud prevention feature. Under that feature, the Debtor presents the Bank with a daily list of check payees and amounts, and the Bank will not cash a check unless it is on the Debtor's list. When the Debtor is able to establish this procedure at TD Bank, it will close the Country Bank account. The Debtor expects this to occur within a week or two of the filing.

    b. Receipts Account- serves as a receipt account for payments from students and from various New York State aid programs. This account never holds funds above the FDIC insured amount.

    c. Perkins Account- a federal government-funded segregated account, from which the school issued loans to students. The payments on the loans were funneled back into the segregated account, to be lent to new students. While the school has not issued any Perkins loans in a number of years, the account must be maintained to receive payments. The funds in this account may be the property of the federal government, but the Debtor reserves the right to dispute that it not property of the estate.

---

[1] In addition to the Accounts listed herein, the Debtor maintains three (3) checking accounts at KeyBank, containing a total of approximately $12,000. The Debtor intended to close these accounts prior to the Petition Date but was unable to do so as a result of levies against these accounts for NY State unemployment taxes. Once the levies are lifted the accounts will be closed and the funds will be transferred to TD Bank.

3

    d. Nursing Account- similar to the Perkins loan account, but specific to the nursing program.

    e. Refund Account- when a student takes out federal loans, they will often borrow more than the amount of tuition, so that they can use loan proceeds for associated educational expenses and cost of living expenses. The Debtor receives the full amount from the federal government, and then issues the student a "refund" for the amount in excess of tuition and fees. Those funds are disbursed from this account.

    f. Payroll Account- monies from the Operating Account are transferred to this account, through which Paychex deducts amounts necessary for payroll obligations.

### **RELIEF REQUESTED**

8. By this Motion, the Debtor seeks entry of interim and final orders (the "Orders"), substantially in the form annexed hereto as Exhibit "A" pursuant to sections 105(a), 363, 364 and 503 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, authorizing the Debtor to (i) continue its Cash Management System, (ii) maintain its existing Bank Accounts, and (iii) waive certain operating guidelines relating to bank accounts set forth in the U.S. Trustee Guidelines.

9. By this Motion, the Debtor requests authority to keep the foregoing accounts open, but including a Debtor-in-Possession designation on said accounts. The Debtor submits that the relief requested herein will help ensure the Debtor's orderly entry into and operation in chapter 11 and avoid many of the possible disruptions to the operation of its business that could divert the Debtor's attention from more critical matters during the chapter 11 case.

## BASIS FOR RELIEF REQUESTED

**A.      The Debtor Should Be Authorized to Continue to Use the Cash Management System**

10.     The Debtor requests authority to continue to use its Cash Management System in order to avoid disruption to its business operations. If the Debtor's business operations are interrupted and payments are halted following the chapter 11 filing, the Debtor will be unable to maximize the value of its estate. Therefore, it is essential that the Debtor be permitted to continue to utilize its Cash Management System to manage its cash flow in accordance with the procedures employed prior to the Petition Date.

11.     The Cash Management System constitutes a customary and essential business practice for the Debtor. It allows the Debtor to control and monitor corporate funds, avoid fraudulent checks from being presented and funded, and ensure cash availability. Requiring the Debtor to establish a new system of accounts would be unduly burdensome with little corresponding benefit. Accordingly, the Debtor respectfully requests that the Court authorize the Debtor's continued use of the Cash Management System described herein.

12.     Section 363(c)(1) of the Bankruptcy Code authorizes a debtor to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. §363(c)(1). The purpose of section 363(c)(1) of the Bankruptcy Code is to provide a debtor with the flexibility to engage in its day-to-day transactions without incurring excessive monitoring costs that would result from the need to provide notice of, and obtain approval for, ordinary course activities. See, e.g., Medical Malpractice Ins. Ass'n v. Hirsch (In re Lavigne), 114 F.3d 379, 384 (2d Cir. 1997); Chaney v. Official Comm. of Unsecured Creditors of Crystal Apparel, Inc. (In re Crystal Apparel, Inc.), 207 B.R. 406, 409 (S.D.N.Y. 1997). The Debtor's ability to continue using the Cash Management System and engage in related routine transactions falls within the

5

parameters of section 363(c)(1) of the Bankruptcy Code.  See Amdura Nat'l Distrib. Co. v. Amdura Corp., Inc. (In re Amdura Corp., Inc.), 75 F.3d 1447, 1453 (10th Cir. 1996); In re Charter Co., 778 F.2d 617, 621 (11th Cir. 1985) (holding that a debtor's request for authority to continue using its existing cash management system is consistent with section 363(c)(1) of the Bankruptcy Code).

13. To the extent that continuing to use the Cash Management System is beyond the ordinary course of the Debtor's business, the Debtor submits that such use is permitted by sections 363(b)(1) and 105(a) of the Bankruptcy Code.  Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . ." 11 U.S.C. § 363(b).  Courts generally hold that a debtor's decision to enter into a transaction outside the ordinary course of business is governed by the business judgment standard.  See Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.), 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).  Further, section 105(a) of the Bankruptcy Code further empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

14. Under the circumstances and in light of the Debtor's belief, in the exercise of its business judgment, that continued use of the pre-petition Cash Management System is in the best interest of its estate, the Debtor requests that the Court authorize the Debtor to continue using the Cash Management System.

**B.      Certain U.S. Trustee Guidelines Should be Waived**

15. The operating guidelines relating to bank accounts set forth by the Office of the United States Trustee for Region 2 (the "U.S. Trustee"), which were adopted in order to assist

the U.S. Trustee in supervising the administration of chapter 11 cases, require chapter 11 debtors to, among other things, (a) close all existing bank accounts; (b) open new debtor-in-possession operating, payroll and tax accounts at certain financial institutions designated as authorized depositories by the U.S. Trustee; and (c) obtain and utilize new checks for all debtor-in-possession accounts which bear the designation "Debtor-in-Possession" and contain certain other information relating to the chapter 11 case. Strict enforcement of the U.S. Trustee guidelines in this chapter 11 case would disrupt the Debtor's ordinary business operations and cause unnecessary concern among its employees, thereby reducing efficiency and causing avoidable expense.

16. Here, the Debtor's continued use of the Bank Accounts is critical to its smooth and orderly transition into chapter 11. TD Bank, the bank in which almost all of the Debtor's accounts are held, is designated as an authorized depository by the U.S. Trustee. The Country Bank account will be closed once the fraud protection function is operational with respect to the TD Bank operating account. The Putnam County account holds relatively small amounts, certainly less than the FDIC insured limit. All parties in interest in the case will be best served by the continued use of the Bank Accounts because it will minimize disruption to the Debtor's business operations. To ensure that the maintenance of the Cash Management System does not prejudice any parties in interest, the Debtor will separately record the balances of each of the Bank Accounts as of the Petition Date and track post-petition activity by documenting any post-petition transactions in the Debtor's books and records. These transactions will also be incorporated into the monthly operating reports that will be filed with the Court during the pendency of this chapter 11 case. Accordingly, the Debtor requests that this Court waive the

U.S. Trustee guidelines requiring that the Debtor close all existing bank accounts and open new debtor-in-possession accounts.

17. The Debtor further requests that the banks where the Debtor holds its Bank Accounts, be authorized to (a) continue to administer the Bank Accounts in the manner maintained prior to the Petition Date in the usual and ordinary course; and (b) receive, process and honor and pay any and all checks, drafts, wires or ACH transfers drawn on the Bank Accounts by the holders or makers thereof, as the case may be, drawn or issued by the Debtor (i) after the Petition Date, or (ii) prior to the Petition Date, if specifically authorized to honor such check by Order of this Court.

18. The Debtor also seeks a waiver of the requirement to establish a specific account for tax obligations, as it believes that these obligations can be paid most efficiently out of the Debtor's current Bank Accounts through the Cash Management System. There are no sales tax obligations, and any payroll tax obligations are paid by Paychex at the time it deducts money from the payroll account to pay the payroll obligations. Upon information, Paychex will not initiate a payroll unless there is enough money to fund tax obligations associated therewith. The Debtor submits that the U.S. Trustee can adequately monitor the flow of funds into and out from such accounts and that the creation of new debtor-in-possession accounts designated solely for such obligations would be inefficient and unnecessary.

19. The Debtor further submits that, because the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor, Bankruptcy Rule 6003 has been satisfied and it is essential that the Court approve the relief requested in this Motion as expeditiously as possible.

8

20.  The Debtor further seeks a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court others otherwise." As set forth above, the Cash Management System described herein is essential to prevent irreparable damage to the Debtor's operations and value. Accordingly, the Debtor submits that cause exists to justify a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.

21.  No trustee or examiner has been appointed in the Debtor's Chapter 11 case. Notice of this Motion has been provided to (i) the U.S. Trustee for Region 2; (ii) the attorneys for the Debtor's pre- and post-petition lenders; (iii) the Debtor's largest twenty (20) unsecured creditors; (iv) the depository institutions on Exhibit "B"; and (v) all parties filing Notices of Appearance in this case.

22.  No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court grant the relief requested herein, together with such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
September 20, 2019

CULLEN AND DYKMAN LLP

BY:   *s/ Bonnie Pollack*
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700

Proposed Attorneys for The College of New Rochelle

**EXHIBIT "A"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re:                                                      :   Chapter 11
                                                            :
THE COLLEGE OF NEW ROCHELLE,                                :   Case No.
                                                            :
                                                            :
                Debtor.                                     :
                                                            :
------------------------------------------------------------x

### INTERIM ORDER AUTHORIZING THE DEBTOR TO (I) CONTINUE ITS CASH MANAGEMENT SYSTEM, (II) MAINTAIN EXISTING BANK ACCOUNTS, AND (III) WAIVING CERTAIN OPERATING GUIDELINES RELATING TO BANK ACCOUNTS

Upon the motion (the "Motion")[2] filed by The College of New Rochelle, the above-captioned debtor and debtor-in-possession (the "Debtor") pursuant to sections 105 and 363 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, et seq. (the "Bankruptcy Code") and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order authorizing the Debtor to (i) continue using its cash management system, (ii) maintain and continue to use existing bank accounts, and (iii) waive certain operating guidelines relating to bank accounts; and the Court, having reviewed the Motion and having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court (the "Hearing"), finds that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, this is a core matter pursuant to 28 U.S.C. § 157(b)(2), notice of the Motion and the Hearing were sufficient under the circumstances and that no further notice need be given, and the legal and factual bases set forth in the Motion and at the Hearing establish just

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

cause for the relief granted herein and that such relief is necessary to avoid immediate and irreparable harm to the Debtor's estate,

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED except as otherwise provided herein.

2. Until entry of a Final Order granting the Motion, the Debtor shall and hereby is authorized to continue to manage the collection and disbursement of its cash utilizing its Cash Management System in the ordinary course of business consistent with its pre-petition practices, and to collect and disburse cash in accordance with the Cash Management System.

3. The Debtor's time to comply with section 345 (b) of the Bankruptcy Code, to the extent necessary for any particular Bank Account, is hereby extended for a period of forty-five (45) days from the date of this Order; provided, however, that such extension is without prejudice to the Debtor's right to (i) request a further extension of such relief or the waiver of the requirements of section 345 (b) of the Bankruptcy Code, and (ii) assert that any particular Bank Account complies with section 345(b) of the Bankruptcy Code.

4. Any funds in the Bank Account held in Putnam County Savings Bank shall never exceed the FDIC insured limit.

5. The Debtor shall not be required to open a tax account, since its payroll taxes are paid by a third party payroll provider.

6. As soon as practicable after the entry of this Order, the Debtor shall stamp or print its check stock with "Debtor in Possession" and the Chapter 11 case number under which this case is being administered. The Debtor is authorized to continue using its existing business forms without reference to the Debtor's status as debtors in possession; provided, however, that the Debtor will make reasonable best efforts to include a reference to its status as a debtor in

possession on any business form. To the extent the Debtor obtains new Business Forms, the Debtor will order new Business Forms identifying its status as a Debtor in Possession.

7. The Debtor may disburse funds from the Bank Accounts by checks, drafts, wires, debits, ACH transfers or by any other means.

8. The banks where the Debtor holds its Bank Accounts shall be and hereby are authorized to (a) continue to administer the Bank Accounts in the manner maintained prior to the Petition Date in the usual and ordinary course; and (b) receive, process and honor and pay any and all checks, drafts, wires or ACH transfers drawn on the Bank Accounts by the holders or makers thereof, as the case may be, drawn or issued by the Debtor (i) after the Petition Date, or (ii) prior to the Petition Date, if specifically authorized to honor such check by Order of this Court.

9. The Debtor shall separately record the balances of each of the Bank Accounts as of the Petition Date and track postpetition activity by documenting any postpetition transactions in the Debtor's books and records to the same extent maintained by the Debtor prior to the Petition Date.

10. The Debtor shall notify the U.S Trustee of the opening of any new bank account and shall only open new bank accounts that are designated as an authorized depository under the UST Guidelines.

11. The Motion and this Interim Order shall be served, via first-class mail, on the same parties receiving notice of the initial hearing on the Motion within three (3) business days of entry of this Interim Order.

12. The deadline by which objections to the Motion and entry of the Final Order must be filed is _____, 2019, at ____ (Prevailing Eastern Time). A final hearing, if

required, on the Motion will be held on _____, 2019, at \_\_\_\_\_(Prevailing Eastern Time). If no objections are filed to the Motion, the Court may enter the Final Order without further notice or hearing.

13. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: September \_\_\_\_, 2019
 White Plains, New York

                                        ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                           :    Chapter 11
                                                                 :
THE COLLEGE OF NEW ROCHELLE,                                     :    Case No.
                                                                 :
                                                                 :
                    Debtor.                                      :
                                                                 :
-----------------------------------------------------------------x

## FINAL ORDER AUTHORIZING THE DEBTOR TO (I) CONTINUE ITS CASH MANAGEMENT SYSTEM, (II) MAINTAIN EXISTING BANK ACCOUNTS, AND (III) WAIVING CERTAIN OPERATING <u>GUIDELINES RELATING TO BANK ACCOUNTS</u>

Upon the motion (the "Motion")[3] filed by The College of New Rochelle, the above-captioned debtor and debtor-in-possession (the "Debtor") pursuant to sections 105 and 363 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, et seq. (the "Bankruptcy Code") and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order authorizing the Debtor to (i) continue using its cash management system, (ii) maintain and continue to use existing bank accounts, and (iii) waive certain operating guidelines relating to bank accounts; and the Court, having reviewed the Motion and having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court (the "Hearing"), finds that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, this is a core matter pursuant to 28 U.S.C. § 157(b)(2), notice of the

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Motion and the Hearing were sufficient under the circumstances and that no further notice need be given, and the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein and that such relief is necessary to avoid immediate and irreparable harm to the Debtor's estate,

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED except as otherwise provided herein.

2. The Debtor shall and hereby is authorized to continue to manage the collection and disbursement of its cash utilizing its Cash Management System in the ordinary course of business consistent with its pre-petition practices, and to collect and disburse cash in accordance with the Cash Management System.

3. The Debtor's time to comply with section 345 (b) of the Bankruptcy Code, to the extent necessary for any particular Bank Account, is hereby extended for a period of forty-five (45) days from the date of this Order; provided, however, that such extension is without prejudice to the Debtor's right to (i) request a further extension of such relief or the waiver of the requirements of section 345 (b) of the Bankruptcy Code, and (ii) assert that any particular Bank Account complies with section 345(b) of the Bankruptcy Code.

4. Any funds in the Bank Account held in Putnam County Savings Bank shall never exceed the FDIC insured limit.

5. The Debtor shall not be required to open a tax account, since its payroll taxes are paid by a third party payroll provider.

6. As soon as practicable after the entry of this Order, the Debtor shall stamp or print its check stock with "Debtor in Possession" and the Chapter 11 case number under which this case is being administered. The Debtor is authorized to continue using its existing business

forms without reference to the Debtor's status as debtors in possession; provided, however, that the Debtor will make reasonable best efforts to include a reference to its status as a debtor in possession on any business form. To the extent the Debtor obtains new Business Forms, the Debtor will order new Business Forms identifying its status as a Debtor in Possession.

7. The Debtor may disburse funds from the Bank Accounts by checks, drafts, wires, debits, ACH transfers or by any other means.

8. The banks where the Debtor holds its Bank Accounts shall be and hereby are authorized to (a) continue to administer the Bank Accounts in the manner maintained prior to the Petition Date in the usual and ordinary course; and (b) receive, process and honor and pay any and all checks, drafts, wires or ACH transfers drawn on the Bank Accounts by the holders or makers thereof, as the case may be, drawn or issued by the Debtor (i) after the Petition Date, or (ii) prior to the Petition Date, if specifically authorized to honor such check by Order of this Court.

9. The Debtor shall separately record the balances of each of the Bank Accounts as of the Petition Date and track postpetition activity by documenting any postpetition transactions in the Debtor's books and records to the same extent maintained by the Debtor prior to the Petition Date.

10. The Debtor shall notify the U.S Trustee of the opening of any new bank account and shall only open new bank accounts that are designated as an authorized depository under the UST Guidelines.

11.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: September ____, 2019
       White Plains, New York

                                              ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT "B"

## LIST OF BANKS AND ACCOUNTS

| Bank | Address | Account No. | Type of Account |
|---|---|---|---|
| TD Bank | 301 Fifth Avenue Pelham, NY 10803 | 6504 | Operating Account |
| | | 6570 | Refund Account |
| | | 6588 | Payroll Account |
| | | 9232 | Nursing Accounts |
| | | 8764 | Perkins Accounts |
| Putnam County Savings Bank | 12 S. Bedford Rd. Mt. Kisco, NY 10549 | 4081 | Receipts Account |
| Country Bank | 80 Garth Rd. Scarsdale, NY 10583 | 0595 | Operating Account |
| KeyBank | 28 Lecount Place New Rochelle, NY 10801 | 7628 | Checking Account |
| | | 7651 | Checking Account |
| | | 7636 | Checking Account |