CULLEN & DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.

Proposed Counsel for The College of New Rochelle

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                              :    Chapter 11
                                                    :
THE COLLEGE OF NEW ROCHELLE,                        :    Case No.
                                                    :
                                                    :
                Debtor.                             :
                                                    :
---------------------------------------------------------------x

### APPLICATION FOR AN ORDER AUTHORIZING PAYMENT OF PRE-PETITION SALARIES, WAGES AND EMPLOYEE BENEFITS AND GRANTING RELATED RELIEF

TO THE HONORABLE ROBERT D. DRAIN, UNITED STATES BANKRUPTCY JUDGE:

The College of New Rochelle (the "Debtor"), debtor and debtor-in-possession herein, by its proposed counsel, Cullen and Dykman LLP, by this application (the "Application") hereby moves this Court for entry of an order (the "Proposed Order"), a copy of which is annexed hereto as Exhibit "A", pursuant to 11 U.S.C. §§ 105(a), 507(a)(3) and (4) authorizing it to pay pre-petition salaries, wages and employee benefits, and to continue payment of compensation and wages and benefit contributions post-petition in accordance with existing company policies and respectfully represents:

## INTRODUCTION

1. On September 20, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.

2. The Debtor has been authorized to remain in possession of its property and to continue in the operation and management of its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. No official committee of unsecured creditors has yet been appointed by the Office of the United States Trustee for Region 2 (the "U.S. Trustee") in this Chapter 11 case.

4. Simultaneously with the filing of its petition, the Debtor filed the Affidavit of Mark Podgainy pursuant to Local Bankruptcy Rule 1007-2 (the "Podgainy Affidavit"). A more detailed factual background of the Debtor's business and operations, as well as the events leading to the filing of this chapter 11 case, is more fully set forth in the Podgainy Affidavit, the contents of which are incorporated herein by reference.

## RELIEF SOUGHT

5. The Debtor seeks authority under sections 105(a), 507(a)(4) and 507(a)(5) of the Bankruptcy Code to pay certain pre-Petition Date obligations to the Debtor's employees. As of the Petition Date, the Debtor employs approximately thirty two (32) employees other than officers (collectively, the "Employees"). As more fully described below, these pre-Petition Date obligations may include amounts owed to Employees for salaries, wages, vacation pay, holiday pay and sick pay (the "Pre-Petition Compensation") and federal, state and local payroll related tax deductions and withholdings, including 403(b) contributions and payroll deductions in respect of various benefits. Because of privacy concerns, if requested, the Debtor will make a

copy of its payroll reports available for inspection by the Court in camera and by the U.S. Trustee.

### PRE-PETITION WAGES

6. The Debtor's Employees are paid every two (2) weeks, on a Friday (the "Pay Date"). Each paycheck is for services rendered for the two (2) weeks ending on the Friday prior to the Pay Date. For example, on the Pay Date of September 13, 2019, the Employees were paid for services rendered for the period of August 24, 2019 through September 6, 2019.

7. The Debtor's next Pay Date is on September 27, 2019. Total gross salaries and wages to Employees will amount to approximately $94,456 for such Pay Date. From the gross wages, taxes and insurance contributions are deducted (403(b) contributions ceased on July 5, 2019).

8. On the next Pay Date (i.e., September 27, 2019), all of the payroll will constitute Pre-Petition Compensation for all Employees. In addition, some of the Employees are entitled to accrued vacation pay, which the Debtor also proposes to pay. No payments to any Employee for the combined wages and vacation accrual will exceed the $13,650 limit of sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

9. To the extent that the foregoing Pre-Petition Compensation is not paid, the Employees will be immediately affected by such delay. Accordingly, the Debtor seeks authorization to pay the Pre-Petition Compensation to the Employees, including accrued vacation, sick days and holiday payments in the ordinary course of business.

### PRE-PETITION EMPLOYEE BENEFITS, INCLUDING DEDUCTIONS FROM EMPLOYEE PAYCHECKS

10. In addition to the foregoing, the Debtor may deduct certain amounts from Employee paychecks for the payment of taxes and of premiums for insurance, 403(b) plans and,

3

on occasion, other miscellaneous amounts including wage garnishments (collectively, the "Employee Deductions"). These Employee Deductions comprise property of the Employees, and are forwarded to appropriate third-party recipients by the Debtors at varying times. Due to the commencement of this Chapter 11 case, funds may have been deducted from Employee wages, but may not yet have been forwarded to the appropriate third-party recipients. By this Application, the Debtor seeks authority to forward the Employee Deductions to the appropriate parties and to pay those expenses related thereto.

## GROUNDS FOR THE RELIEF REQUESTED

11.  The Debtor's inability to pay the outstanding Pre-Petition Compensation and Employee Deductions (collectively, the "Pre-Petition Employee Obligations") would cause many of the Debtor's Employees to endure significant stress, hardship and suffering. Many Employees live from paycheck to paycheck and rely exclusively on receiving their full compensation to pay their daily living expenses. As a result, these Employees may be exposed to significant financial problems if the Debtor is not permitted to pay the unpaid Pre-Petition Employee Obligations.

12.  Absent payment of the Pre-Petition Employee Obligations, the Debtor's post-petition operations will be placed in serious jeopardy. In the event that Employees are denied immediate payment of the Pre-Petition Employee Obligations, Employees integral to the Debtor's business may choose to leave the Debtor's employ.

13.  Section 105(a) of the Bankruptcy Code provides, in part, as follows:

> The court may issue any order, process, or judgment that is
> necessary or appropriate to carry out the provisions of this title.

11 U.S.C. § 105(a). Courts have recognized the need for a debtor-in-possession to pay pre-petition wages and expense reimbursements, health and other benefits to preserve employee morale and ensure a smooth continuation of the debtor's business. E.g., Michigan Bureau of

Workers' Disability Compensation v. Chateaugay Corp., 80 B.R. 279 (S.D.N.Y. 1987); In re Gulf Air, Inc., 112 B.R. 152 (Bankr. W.D. La. 1989). The Debtors' ability to maintain stability while pursuing its reorganization necessitates the relief sought herein.

14. As previously stated, the payment of the Pre-Petition Compensation amounts will be limited to the per-employee limitation of section 507(a)(4) of the Bankruptcy Code. As such, these claims would be entitled to payment ahead of general unsecured creditors under any plan confirmable in this Chapter 11 case.

15. Courts have recognized the applicability of the "necessity of payment" doctrine with respect to the payment of pre-petition employee expense reimbursements and benefits. See, e.g., Disability Compensation and Michigan Self-Insurers' Security Fund v. Chateaugay Corp. (In re Chateaugay Corp.) 80 B.R. 279 (S.D.N.Y. 1987); In re Ionosphere Clubs Inc., 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989) ("This rule recognizes the existence of judicial power to authorize a debtor in a reorganization case to pay Pre-Petition claims where such payment is essential to the continued operation of the debtor"). The Debtor submits that application of the "necessity of payment" doctrine is wholly warranted in this Chapter 11 case.

16. A debtor's employees are an essential component of any chapter 11 case. A deterioration in Employee morale and welfare at this critical time would undoubtedly have a devastating impact upon the Debtor and the value of its estate. Accordingly, the relief sought herein is in the best interests of the Debtor's estate and its creditors and will allow the Debtor to pursue a reorganization with minimal disruption.

17. The Debtor further submits that, because the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor, Bankruptcy Rule 6003 has

5

been satisfied and it is essential that the Court approve the relief requested in this Motion as expeditiously as possible.

18. By this Motion, the Debtor also seeks to provide the depositories on which the Debtor's payroll checks are drawn with authority to honor any checks presented in accordance with an Order approving this Motion. The Debtor further seeks a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." As set forth above, payment of the Pre-Petition Employee Obligations is essential to prevent irreparable damage to the Debtor's operations and value. Accordingly, the Debtor submits that cause exists to justify a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.

## NOTICE

19. No trustee, examiner, or creditors' committee has been appointed in the Debtor's chapter 11 case. Notice of this Motion has been provided to (i) the Office of the United States Trustee for Region 2, (ii) the holders of the twenty (20) largest unsecured claims against the Debtor, (iii) the Debtor's pre- and post-petition lenders and (iv) any person who has filed a Notice of Appearance in this case.

20. No prior Application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtor requests that the Court enter an Order in the form attached hereto granting the relief requested herein, and such further relief as this Court may deem just and proper.

Dated: Garden City, New York
September 20, 2019

                              CULLEN AND DYKMAN LLP

BY:    *s/ Bonnie Pollack*
         Matthew G. Roseman, Esq.
         Bonnie L. Pollack, Esq.
         100 Quentin Roosevelt Boulevard
         Garden City, New York 11530
         (516) 357-3700

         Proposed Attorneys for The College of New Rochelle

## EXHIBIT "A"

## PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:                                              :   Chapter 11
                                                    :
THE COLLEGE OF NEW ROCHELLE,                        :   Case No.
                                                    :
                                                    :
                Debtor.                             :
                                                    :
------------------------------------------------------------------x

## ORDER AUTHORIZING DEBTOR TO PAY PRE-PETITION
## SALARY, WAGES AND EMPLOYEE BENEFITS

Upon the application dated September 20, 2019 (the "Motion") of The College of New Rochelle (the "Debtor"), debtor and debtor-in-possession herein, for an order authorizing the Debtor to pay Pre-Petition Employee Obligations (as that term is defined in the Motion) and granting related relief; and the Debtor having filed a petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on September 20, 2019 (the "Petition Date"); and notice of the Motion having been given to the Office of the United States Trustee, the Debtor's twenty (20) largest unsecured creditors, the Debtor's pre- and post-petition lenders and any person filing a notice of appearance; and it appearing that no other notice need be given; and due deliberation having been had and sufficient cause appearing therefor, it is hereby

ORDERED, that the Debtor be, and hereby is, authorized to the extent of the gross amount of $13,650 per Employee (as defined in the Motion) to pay the Pre-Petition Compensation and Pre-Petition Benefits (as defined in the Motion), which are paid in the ordinary course of business, which sums are entitled to a priority of payment pursuant to sections 507(a)(4) or 507(a)(5) of the Bankruptcy Code, relating to services rendered to or for the benefit of the Debtor before the Petition Date, that are unpaid as of the Petition Date, including but not

limited to, checks that have been issued for such Pre-Petition Compensation or Pre-Petition Benefits, but have not yet cleared; and it is further

ORDERED, that notwithstanding the relief granted in this Order, any payment made by the Debtor pursuant to the authority granted herein shall be subject to the Orders of this Court authorizing debtor-in-possession financing and the Budget as defined therein; and it is further

ORDERED, that the Debtor be, and hereby is, authorized and empowered to pay over to the appropriate third parties, in accordance with existing policies and practices, all payroll related deductions and payments including, but not limited to, those relating to state, local and federal tax withholding, 403(b) contributions, insurance premiums and garnishments; and it is further

ORDERED, that all depositories upon which checks were drawn or wire transfer instructions given in payment of the pre-Petition Date payments authorized hereby are directed to honor and pay such checks or honor such wire transfer instructions as and when presented, provided that all such depositories are authorized to rely on the Debtor's designation of any particular check or wire transfer as having been approved by this Order; and it is further

ORDERED, that the Debtor is authorized to reissue any check or wire transfer which was drawn or authorized in payment of a pre-Petition Date payment approved and authorized hereby that is not honored and paid by a depository; and it is further

ORDERED, that nothing in this Order shall be construed as approving any transfer pursuant to section 503(c) of the Bankruptcy Code, and a separate motion shall be filed for any request that falls within section 503(c) of the Bankruptcy Code; and it is further

ORDERED, that no payment to any Employee may be made to the extent that it is a transfer in derogation of section 503(c) of the Bankruptcy Code. This Order does not implicitly

or explicitly approve any bonus plan, incentive plan or other plan covered by section 503(c) of the Bankruptcy Code.

DATED:   White Plains, New York
         _____, 2019

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE