CULLEN & DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.

Proposed Counsel for The College of New Rochelle

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                              :   Chapter 11
                                                    :
THE COLLEGE OF NEW ROCHELLE,                        :   Case No.
                                                    :
                                                    :
                    Debtor.                         :
                                                    :
---------------------------------------------------------------x

## DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTOR TO PAY CERTAIN PRE-PETITION CLAIMS OF CRITICAL VENDORS

TO THE HONORABLE ROBERT D. DRAIN, UNITED STATES BANKRUPTCY JUDGE:

The College of New Rochelle, debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"), by its proposed counsel Cullen and Dykman LLP, respectfully represents the following:

### INTRODUCTION

1. On September 20, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

2. The Debtor has remained in possession of its property and continues in the operation and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.  No official committee of unsecured creditors has been appointed by the Office of the United States Trustee of Region 2 in this chapter 11 case.

4.  Simultaneously with the filing of its petition, the Debtor filed the Affidavit of Mark Podgainy pursuant to Local Bankruptcy Rule 1007-2 (the "Podgainy Affidavit"). A more detailed factual background of the Debtor's business and operations, as well as the events leading to the filing of this chapter 11 case, is more fully set forth in the Podgainy Affidavit, filed contemporaneous herewith and incorporated herein by reference.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6.  The statutory predicates for the relief sought herein are sections 105, 363, 364 and 503 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004.

## RELIEF REQUESTED

7.  The Debtor requests authorization to pay the pre-petition claims of one (1) vendor (the "Critical Vendor") in light of the importance of the products and services provided by such vendor. The Debtor is concerned that, unless paid on account of its pre-petition debt, such vendor will cease to supply the Debtor with the specialized services necessary to maintain the Debtor's operations. Accordingly, to maintain stability during the chapter 11 cases and to avoid jeopardizing the Debtor's ability to operate in chapter 11, the Debtor seeks the relief requested herein.

8.  The Critical Vendor consists of Marist College ("Marist"). The Debtor is a party to a pre-petition agreement with Marist whereby Marist hosts the Debtor's Banner

software (the "Banner System")[1] on Marist's server. In addition to performing hosting and management services with respect to the Banner System, Marist provides technical support to the Debtor and polices and removes any users or content that is not acceptable. Marist also provides Banner System security for the Debtor, performs all required upgrades of the Debtor's Banner System, provides critical security patches, provides systems backup and restoration and other similar services. Absent Marist's continued provision of its vital services, the Debtor's Banner System would cease to function which would have a devastating impact on operations during the chapter 11 case and on the Debtor's successful emergence from chapter 11.

9. Because this Critical Vendor is essential to the Debtor's "back office" operations, the Debtor has determined that payment of its pre-petition claim is essential to avoid costly disruption to the Debtor's business during this Chapter 11 case.

10. The Debtor does not believe that it can obtain the services provided by the Critical Vendor from another source given the nature of the services provided to the Debtor. Even where alternative vendors may exist, the cost associated with switching from one vendor to another would like likely be significant and detrimental to the Debtor's estate.

11. The Debtor believes that jeopardizing its relationships with the Critical Vendor would impose a severe strain on the Debtor's business operations, and would likely result in significant revenue loss. Accordingly, in light of the potential for irreparable consequences if the Critical Vendor does not continue to provide uninterrupted services, the Debtor has determined, in the exercise of its business judgment, that payment of the Critical Vendor claim is essential. Such claim is inconsequential to this case, amounting to no more than $150,000.

---

[1] The Banner System is the system through which the Debtor records and maintains all academic information regarding its students, including transcripts, grades, credits, etc., as well as the Debtor's accounting systems.

3

Payment of this relatively ministerial amount would prevent disruption of the Debtor's operations and would provide benefit to the estate exponentially greater than the amount of the vendor claim.

12. Accordingly, by this Motion, the Debtor requests authorization, but not direction, to pay all outstanding pre-petition obligations on account of the Critical Vendor claim, up to $150,000.

## Basis for Relief

13. Courts have recognized that it is appropriate to authorize the payment of pre-petition obligations where necessary to protect and preserve the estate. *See, e.g., In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (authorizing debtor to pay pre-petition wages); *Armstrong World Indus., Inc. v. James A. Phillips, Inc. (In re James A. Phillips, Inc.)*, 29 B.R. 391, 398 (Bankr. S.D.N.Y. 1983) (authorizing the payment of pre-petition claims to suppliers); *see also In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). In so doing, these courts acknowledge that several legal theories rooted in sections 105(a) and 363(b) of the Bankruptcy Code support the payment of pre-petition claims as provided herein.

14. Pursuant to section 363(b) of the Bankruptcy Code, courts may authorize payment of pre-petition obligations where a sound business purpose exists for doing so. *See Ionosphere Clubs*, 98 B.R. at 175 (noting that section 363(b) provides "broad flexibility" to authorize a debtor to honor pre-petition claims where supported by an appropriate business justification); *see also James A. Phillips*, 29 B.R. at 397 (relying upon section 363 as a basis to allow a contractor to pay the pre-petition claims of suppliers who were potential lien claimants). Indeed, courts have recognized that there are instances when a debtor's fiduciary duty can "only be fulfilled by the preplan satisfaction of a pre-petition claim." *See, e.g., In re*

4

*CoServ*, 273 B.R. 497.

15.  In addition, courts may authorize payment of pre-petition claims in appropriate circumstances based on section 105(a) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, courts may authorize preplan payments of pre-petition obligations when essential to the continued operation of a debtor's business. *See, e.g., In re C.A.F. Bindery, Inc.*, 199 B.R. 828, 835 (Bankr. S.D.N.Y. 1996); *see also In re Fin. News Network Inc.*, 134 B.R. 732, 735–36 (Bankr. S.D.N.Y. 1991) (holding that the "doctrine of necessity" stands for the principle that a bankruptcy court may allow preplan payments of pre-petition obligations where such payments are critical to the debtor's reorganization). Specifically, the Court may use its power under section 105(a) of the Bankruptcy Code to authorize payment of pre-petition obligations pursuant to the "necessity of payment" rule (also referred to as the "doctrine of necessity"). *See e.g., Ionosphere Clubs*, 98 B.R. at 176.

16.  The relief requested herein is appropriate and warranted under the circumstances. The authority to satisfy the Critical Vendor claims in the initial days of this case without disrupting the Debtor's operations will allow the Debtor to smoothly transition into and efficiently administer this chapter 11 case. Failure to pay the claims could potentially destroy value that would otherwise inure to the benefit of the Debtor's estate.

### The Requirements of Bankruptcy Rule 6003 Are Satisfied

17.  Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable

harm." For the reasons discussed above, granting the relief requested herein is essential to the Debtor's ability to transition its operations into this chapter 11 case and maintain the value of its estate post-petition. Failure to receive such authorization and other relief during the first 21 days of this chapter 11 case would severely disrupt the Debtor's ability to maintain its operations at this critical juncture. Accordingly, the Debtor submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

18. To implement the foregoing successfully, the Debtor requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### Notice

19. No trustee or examiner has been appointed in the Debtor's Chapter 11 case. Notice of this Motion has been provided to (i) the U.S. Trustee for Region 2; (ii) the attorneys for the Debtor's pre- and post-petition lenders; (iii) the Debtor's largest (20) unsecured creditors; and (iv) all parties filing Notices of Appearance in this case.

### No Prior Request

20. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter the Interim Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: Garden City, New York
       September 20, 2019

CULLEN AND DYKMAN LLP

BY:   _s/ Bonnie Pollack_
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700

Proposed Attorneys for The College of New Rochelle

# Exhibit A

## Proposed Interim Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                               :

In re:                                         :   Chapter 11
                                             :
THE COLLEGE OF NEW ROCHELLE,   :   Case No.
                                             :
Debtor.                                      :
                                             :
------------------------------------------------------------x

## INTERIM ORDER AUTHORIZING THE DEBTOR TO PAY CERTAIN PRE-PETITION CLAIMS OF CRITICAL VENDORS

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor-in-possession (the "Debtor") for the entry of an interim order (this "Interim Order"), authorizing the Debtor to pay Critical Vendor claims, as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby ordered that:

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2019, at \_\_ a.m. prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2019, and shall be served on (a) proposed counsel to the Debtor, Cullen and Dykman LLP, Matthew G. Roseman, Esq., and Bonnie L. Pollack, 100 Quentin Roosevelt Boulevard, Suite 402, Garden City, New York 11530; (b) counsel to any statutory committee appointed in this case; and (c) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Susan Arbeit, Esq. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Debtor is authorized in their sole discretion, to pay any accrued but unpaid pre-petition Vendor Claims up to the amount of $_____. Payments shall only be made as they become due and no payments shall be accelerated prior to the Final Hearing. Notwithstanding the relief granted in this Order, any payment made by the Debtor pursuant to the authority granted herein shall be subject to the Orders of this Court authorizing debtor-in-possession financing and the Budget as defined therein.

4. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the pre-petition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Interim Order without any duty to inquire otherwise and without

2

liability for following the Debtor's instructions.

5. The Debtor is authorized to issue post-petition checks, or to effect post-petition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to pre-petition amounts owed in connection with any of the pre-petition claims.

6. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

9. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: White Plains, New York
_____, 2019

                                                ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE

# Exhibit B

## Proposed Final Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :
In re:                                        :   Chapter 11
                                              :
THE COLLEGE OF NEW ROCHELLE,                  :   Case No.
                                              :
                                              :
Debtor.                                       :
                                              :
------------------------------------------------------------x

## FINAL ORDER AUTHORIZING THE DEBTOR TO PAY CERTAIN PRE-PETITION CLAIMS OF CRITICAL VENDORS

Upon the motion (the "Motion")[3] of the above-captioned debtor and debtor-in-possession (the "Debtors") for the entry of a final order (this "Final Order"), authorizing the Debtor to pay Critical Vendor claims, as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby ordered that:

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtor is authorized, in its sole discretion, to pay any accrued but unpaid pre-petition Vendor claims up to the amount of $150,000. Notwithstanding the relief granted in this Order, any payment made by the Debtor pursuant to the authority granted herein shall be subject to the Orders of this Court authorizing debtor-in-possession financing and the Budget as defined therein.

3.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the pre-petition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Final Order without any duty to inquire otherwise and without liability for following the Debtor's instructions.

4.      The Debtor is authorized to issue post-petition checks, or to effect post-petition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to pre-petition amounts owed in connection with any of the pre-petition claims.

5.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

6.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this

Final Order are immediately effective and enforceable upon its entry.

8.  The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

9.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: White Plains, New York
_____, 2019

                                              ROBERT D. DRAIN
                                            UNITED STATES BANKRUPTCY JUDGE