UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                                :
In re:                                                : Chapter 11
                                                 :
THE COLLEGE OF NEW ROCHELLE,     : Case No. 19-23694 (RDD)
                                                 :
                                                 :
                     Debtor.                   :
                                                 :
------------------------------------------------------------------ x

## ORDER (I) APPROVING SALE OF THE CAMPUS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of the College of New Rochelle, the above-captioned debtor and debtor in possession (the "Debtor"), by and through its attorneys, Cullen and Dykman LLP, for entry of an order (this "Sale Order"), pursuant to sections 105, 363, and 503 of chapter 11 of title 11 of the United States Code 11 U.S.C. §§ 101-1532, et seq. (the "Bankruptcy Code"), and Rules 2002, 6004, 9006 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), inter alia, approving and authorizing the sale (the "Sale") of the Campus, free and clear of any pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon, pursuant to the Purchase Agreement (the "Purchase Agreement" at Dkt. No. 168), by and among the Debtor and Trustees of the Masonic Hall and Asylum Fund (the "Successful Bidder"); and upon this Court's prior order, dated October 17, 2019, approving certain bidding procedures and bid protections (the "Bidding Procedures Order" at Dkt. No. 99) and scheduling a hearing (the "Sale Hearing") on the Motion; and upon the supplemental statement filed by the Debtor in support of the Motion (the "Supplement" at Dkt. No. 168); and upon the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Supplemental Declaration of Emilio Amendola filed by the Debtor in support of the Sale (the "Supplemental Amendola Declaration" at Dkt. No. 169); and this Court having reviewed the Motion, the Supplement, the Supplemental Amendola Declaration and the Purchase Agreement; and the Sale Hearing having been held on November 25, 2019; and due and sufficient notice of the Sale Hearing and the relief sought therein having been given, and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and upon the entire record of the hearings held on October 16, 2019 and November 25, 2019 and this chapter 11 case, including, without limitation, all proffers and other evidence admitted at the Sale Hearing; and after due deliberation thereon and good cause appearing therefor, it is hereby

**FOUND, CONCLUDED AND DETERMINED THAT:**[2]

    A.    <u>Jurisdiction and Venue</u>.  This Court has jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b). Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

    B.    <u>Notice</u>.  Due, sufficient and adequate notice of the Motion and the relief requested therein, the Sale Hearing, the Sale, and the related transactions collectively described in the Purchase Agreement (all such transactions being collectively referred to as the "Sale Transaction"), has been given as set forth in the Bidding Procedures Order and in accordance with section 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 9006 and 9007 and in compliance with the Bidding Procedures Order.  Such notice was good and sufficient in light of

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, when appropriate. See FED. R. BANKR. P. 7052.

the circumstances and the nature of the relief requested, and no other or further notice thereof is required.

        C.      <u>Opportunity to Object</u>.  A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

        D.      <u>Sale is Appropriate</u>.  The sale of the Campus pursuant to the Purchase Agreement is authorized pursuant to section 363(b)(1) of the Bankruptcy Code and Bankruptcy Rule 6004(f).  The Sale of the Campus outside the ordinary course of business represents the sound business judgment of the Debtor and is appropriate in light of the facts and circumstances surrounding the Sale Transaction and the chapter 11 case.

        E.      <u>Corporate Authority</u>. The Debtor has full not-for-profit corporate power and authority to execute the Purchase Agreement and all other documents contemplated thereby, and to consummate the transactions contemplated therewith, and no consents or approvals, other than those expressly provided for in the Purchase Agreement, are required for the Debtor to consummate the Sale Transaction.

        F.      <u>Best Interests/Business Justification</u>.  The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion, and approval of the Purchase Agreement and the consummation of the Sale Transaction is in the best interests of the Debtor, its estate, creditors, and other parties in interest.  The Debtor has marketed the Campus and conducted the sale process in compliance with the Bidding Procedures Order.  The Bidding Procedures provided a full, fair and reasonable opportunity for any entity to make an offer to purchase the Campus.  The terms and conditions of the Purchase Agreement are fair and reasonable.  The Purchase Agreement represents the highest and best offer for the Campus, and

the Purchase Price set forth therein is fair and reasonable and constitutes fair consideration and reasonably equivalent value under the Bankruptcy Code and New York law.

G. <u>Highest or Otherwise Best Bid</u>. The Successful Bidder's bid for the purchase of the Campus, as set forth in the Purchase Agreement, is (i) fair and reasonable and (ii) the highest or otherwise best offer received for the Campus at an auction conducted on November 21-22, 2019. The bid submitted by Northeast Education Development Corp. was determined by the Debtor to be the Back-Up Bid.

H. <u>Arm's Length Transaction</u>. The Purchase Agreement was negotiated, proposed and entered into by the Debtor and the Successful Bidder without collusion, in good faith and from arm's-length bargaining positions. The Successful Bidder is not an "insider" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code. Neither the Debtor nor the Successful Bidder has engaged in any conduct that would cause or permit the Sale Transaction or any part of the transactions contemplated by the Purchase Agreement to be avoidable under section 363(n) of the Bankruptcy Code. Specifically, the Successful Bidder has not acted in a collusive manner with any person and the purchase price was not controlled by any agreement with unrelated third parties.

I. <u>Good Faith Purchaser</u>. The Successful Bidder is a good faith purchaser for value and, as such, is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code. The Successful Bidder will be acting in good faith within the meaning of Section 363(m) of the Bankruptcy Code if in compliance with the Sale Transactions documents at any time after the entry of this Sale Order.

J. <u>Free and Clear</u>. The Debtor has complied with section 363(f) of the Bankruptcy Code because one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied with regard to each such lien, claim, interest, obligation, right, or

encumbrance. Those holders of liens, claims, interests, obligations, rights, or encumbrances on or with respect to the Campus who did not file a timely objection, or who withdrew such objections, are deemed to have consented to the sale of the Campus free and clear of those non-Debtor parties' interests in the Campus pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of liens, claims, interests, obligations, rights, or encumbrances on or with respect to the Campus who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and, to the extent such liens, claims, interests, obligations, rights, or encumbrances constitute valid and enforceable liens or other similar interests, are adequately protected by having such liens, claims, interests, obligations, rights, or encumbrances attach to the proceeds of the Sale Transaction ultimately attributable to the property against or in which they assert a lien or other interest in the same amount and priority, with the same validity and enforceability, and subject to the same defenses as existed immediately before the Closing.

K.  The Successful Bidder would not have entered into the Purchase Agreement and would not consummate the Sale Transaction if (i) the Sale of the Campus were not free and clear of all liens, claims, interests, obligations, rights, or encumbrances, or (ii) the Successful Bidder would, or in the future could, be liable for any such liens, claims, interests, obligations, rights, or encumbrances, including any rights or claims based on, or otherwise arising under, any doctrines of successor or transferee liability. Except as provided in the Purchase Agreement, and with the exception of the Excluded Assets, the transfer of the Campus will be a legal, valid, and effective transfer of the Campus, and will vest the Successful Bidder with all right, title, and interest of the Debtor in and to the Campus, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, free and clear of all liens, claims, interests, obligations, rights, and encumbrances, except as otherwise specifically provided in the Purchase Agreement.

L.  <u>Not-for-Profit Corporation Law Approval</u>.  The transfer of the Campus to the Successful Bidder pursuant to the Purchase Agreement satisfies the standards of Sections 510 and 511 of the New York Not-for-Profit Corporation Law, to the extent applicable.

M.  <u>Legal and Factual Bases</u>.  The legal and factual bases set forth in the Motion, the Supplement, the Amendola Declaration, the Supplemental Amendola Declaration and at the Sale Hearing establish just cause for the relief granted herein.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED, to the extent set forth herein.

2. All objections to entry of this Sale Order or to the relief provided herein and requested in the Motion that have not been withdrawn, waived, resolved, or settled are hereby denied and overruled in their entirety.

3. This Sale Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

**Approval of Sale**

4. <u>Sale Approval</u>.  The Sale, and all of the terms and conditions and transactions contemplated by the Purchase Agreement are hereby authorized and approved pursuant to, <u>inter alia</u>, sections 105(a) and 363(b) of the Bankruptcy Code. Pursuant to section 363(b) of the Bankruptcy Code, the Debtor is authorized and directed to consummate the Sale Transaction pursuant to and in accordance with the terms and conditions of the Purchase Agreement. The Debtor is authorized and directed to execute and deliver, and empowered to perform under, consummate, and implement the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement

and effectuate the provisions of this Sale Order and the transactions approved hereby. The last bid submitted by Northeast Education Development Corp. at the Auction shall be the Back-Up Bid, and Northeast Education Development Corp. shall be the Back-Up Bidder in accordance with the Bidding Procedures.

5.  Not-for-Profit Corporation Law Approval. Pursuant to section 363(d) of the Bankruptcy Code, the approval of the Sale is consistent and in accordance with sections 510 and 511 of the New York Not-for-Profit Corporation Law.

## Transfer of Acquired Assets

6.  Transfer of Acquired Assets. Except as otherwise provided in the Purchase Agreement, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, upon the Closing, the Acquired Assets (including good and marketable title to the Campus, subject to paragraph 8 herein with respect to the NRIDA-owned Property) shall be transferred to the Successful Bidder free and clear of all liens, claims or encumbrances, including the Pre-Petition Liens, with all such liens, claims or encumbrances to attach to the net proceeds of the Sale Transaction in the order of their priority, with the same validity, force and effect which they now have as against the Campus, subject to any claims and defenses, setoffs or rights of recoupment the Debtor may possess with respect thereto. Notwithstanding the foregoing, the Sale of the Campus is made subject to the Mercy Lease and Mercy College's rights thereunder. Except as specifically provided in the Purchase Agreement, all persons and entities (and their respective successors and assigns) including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade, and other creditors, asserting or holding any claims or interests in or with respect to the Debtor, the Campus, the operation of the Debtor's business prior to the Closing, or the transfer of the Campus to the Successful Bidder (whether legal or equitable,

secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), howsoever arising, hereby are forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such claims or interests against the Successful Bidder and/or its affiliates, designees, assignees, successors, properties, or assets. Except as otherwise provided in the Purchase Agreement, effective upon the Closing, the Successful Bidder shall have no liability for any Claims (as defined in Section 101(5) of the Bankruptcy Code) against the Debtor or its estate.

7.  <u>Successor Liability</u>. The Successful Bidder is not a successor corporation or successor entity to the Debtor, the Debtor's estate, or the claims or liabilities of either. No sale, transfer, or other disposition of the Acquired Assets pursuant to the Purchase Agreement or entry into the Purchase Agreement will subject the Successful Bidder to any liability for claims, obligations or encumbrances asserted against the Debtor or the Debtor's interests in such Purchased Assets by reason of such transfer under any laws, including, without limitation, any bulk-transfer laws or any theory of successor or transferee liability, antitrust, product line, de facto merger or substantial continuity or similar theories.

8.  <u>Sale of NRIDA Owned Property</u>. The sale of the portion of Campus (the "NRIDA-owned Property") which is owned in fee simple by the City of New Rochelle Industrial Development Agency ("NRIDA") shall be subject to the following terms:

   a)   Notwithstanding any provision in the Purchase Agreement, NRIDA shall provide a Quit Claim Deed (and not a Bargain and Sale Deed) at the Closing for the NRIDA-owned Property;

   b)   As provided in and subject to the Interim and Final DIP Orders in this chapter 11 case, the Debtor is responsible for the payment of any costs and expenses

incurred by NRIDA in connection with the transactions contemplated by this Sale Order; and

   c)  Notwithstanding anything herein, or in any sale or closing documents to the contrary, (i) NRIDA makes and shall make no covenant, agreement, representation or warranty, express or implied, of any kind or character whatsoever with respect to the NRIDA-owned Property or any buildings, structures and/or improvements thereto or thereon, including, without limitation, title to the NRIDA-owned Property or any buildings, structures and/or improvements thereto or thereon, compliance of the NRIDA-owned Property or any buildings, structures and/or improvements thereto or thereon with any federal, state or local laws, ordinances, codes, rules, regulations, orders or other legal requirements (including, without limitation, any federal, state or local environmental laws, rules or regulations), the physical condition or habitability of the NRIDA-owned Property or the fitness of the NRIDA-owned Property for any current or future use, (ii) any and all obligations of NRIDA shall in all circumstances remain non-recourse as against NRIDA, its members, officers, officials and employees, and (iii) all indemnification rights in favor or for the benefit of NRIDA, its members, officers, officials and employees in an under the NRIDA transaction documents are fully preserved and shall survive any transfer of the NRIDA-owned Property and/or termination of the NRIDA's right, title and interest in and to the NRIDA-owned Property.

   d)  Upon the Closing of transfer of title in accordance with the Court-approved Sale of the Campus, all of NRIDA's liens, right, title and interest in and to the NRIDA-owned Property shall be terminated as to the Successful Bidder as provided in the NRIDA Consent and shall not affect any liens, claims, interests, obligations, rights or encumbrances

of NRIDA or the indenture trustee for the bonds issued in the 1999 financing, against any other party or asset, including, without limitation, the Debtor, the Debtor's estate and the proceeds of any sale of NRIDA-owned Property pursuant to this Sale Order and NRIDA shall not be required to be a party to, or to continue to be a party to, any agreement or instrument of any kind in connection with such Sale (other than as otherwise expressly set forth in Section 3 of the NRIDA Consent) or to provide, or to continue to provide, any financial assistance of any kind in connection with any such sale and/or with respect to the Campus, including, but not limited to, any exemptions and/or abatements of mortgage recording taxes, sales and use taxes and/or real property taxes, charges and/or assessments.

9.   <u>Surrender of Assets and Real Property</u>.  All entities who are presently, or who as of the Closing may be, in possession of some or all of the Acquired Assets, including the Campus, hereby are directed to surrender possession of the Acquired Assets, including the Campus, to the Successful Bidder as of the Closing.

10.   <u>Sale of Personal Property</u>.  Any sale of the Debtor's personal property, including, without limitation, Furniture and Equipment, shall be conducted in a manner not inconsistent with the terms of the Mercy Lease unless otherwise agreed to by the Debtor and Mercy College.

11.   <u>Good Faith Purchaser/No Collusion</u>.  The Successful Bidder is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is therefore entitled to the protection of that provision.  The consideration provided by the Successful Bidder is fair and reasonable, and the Sale Transaction may not be avoided under section 363(n) of the Bankruptcy Code.

12.   <u>Distribution of Proceeds</u>.  At the Closing, the Debtor is authorized and directed to distribute a portion of the proceeds of the Sale to (x) repay the DIP Loan obligations in accordance

with paragraph 15 of the Final DIP Order and (y) pay the Termination Fee to the Stalking Horse Purchaser in accordance with paragraph 8 of the Bidding Procedures Order.

**Additional Provisions**

13. Additional Documents. Prior to or upon the Closing of the Sale Transaction, each of the Debtor's creditors is authorized and directed to execute such documents and take all other actions as may be necessary to release its interests, if any, in the Campus as such interests, liens, claims and/or other encumbrances may have been recorded or may otherwise exist.

14. Cancellation of Bonds. The Bank of New York Mellon, as trustee, for the $40,000,000 Dormitory Authority of the State of New York The College of New Rochelle Revenue Bonds, Series 2008 (the "2008 Series Bonds") is hereby authorized and directed, upon this Sale Order becoming final and non-appealable, to cancel the 2008 Series Bonds. Notwithstanding the foregoing, the Pre-Petition Liens and the adequate protection liens and superpriority administrative expense claims granted pursuant to the *Final Order (A) Authorizing The Debtor To Obtain Postpetition Financing, (B) Authorizing The Use Of Cash Collateral, (C) Granting Adequate Protection and (D) Granting Related Relief* [Docket No. 104] that are held by Citizens Bank, N.A. shall remain in full force and effect with respect to the attachment of liens to the proceeds of the Sale as provided in Paragraph 6 hereof.

15. Release and Discharge of Liens. Except as otherwise provided in the Purchase Agreement, this Sale Order (a) shall be effective as a determination that, upon the Closing, all liens existing with respect to the Debtor and/or the Campus prior to the Closing have been unconditionally released, discharged, and terminated as to the Successful Bidder and the Campus, and that the conveyances described herein have been effected, and (b) shall be binding upon all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of

deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Campus.

16. <u>Financing Statements</u>. If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens,* or other documents or agreements evidencing interests with respect to the Debtor and/or the Campus shall not have delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests which the person or entity has with respect to the Debtor, the Campus or otherwise, then (a) the Debtor or the Successful Bidder is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Campus and (b) the Successful Bidder and/or the Debtor is hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all interests and liens in, against or with respect to the Debtor and/or the Campus. This Sale Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, and local governmental agency, department, or office.

17. <u>Modifications</u>. The Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of this Court; provided, that any such modification, amendment or supplement is not material.

18. <u>Automatic Stay</u>.  The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtor to the extent necessary, without further order of the Court to allow the Successful Bidder to (i) give the Debtor any notice provided for in the Purchase Agreement, and (ii) take any and all actions permitted by the Purchase Agreement and ancillary agreements in accordance with the terms and conditions thereof.

19. <u>Recording/Transfer Tax</u>.  Each and every federal, state, and local governmental agency, recording office or department and all other parties, persons or entities is hereby directed to accept this Sale Order and any and all documents and instruments necessary and appropriate for recordation as conclusive evidence of the free and clear and unencumbered transfer of title to the Campus conveyed to the Successful Bidder.  The Sale is exempt from New York State real estate transfer tax because and to the fullest extent N.Y. Tax Law § 1405(b)(8) applies to a transaction consummated under the Bankruptcy Code.

20. <u>Non-Bankruptcy Law</u>.  Nothing in this Sale Order or the Purchase Agreement releases, nullifies, precludes or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations (including but not limited to environmental laws or regulations), and any associated liabilities for penalties, damages, cost recovery, or injunctive relief that any entity would be subject to as the owner, lessor, lessee, or operator of the property after the date of the Closing. Nothing contained in this Sale Order or in the Purchase Agreement shall in any way diminish the obligation of any entity, including the Debtor, to comply with environmental laws.  Nothing in this Sale Order or the Purchase Agreement authorizes the transfer to the Successful Bidder of any licenses, permits, registrations, or governmental authorizations and approvals without the Successful Bidder's compliance with all applicable legal requirements under non-bankruptcy law governing such transfers.

21. <u>Successors, Assigns</u>.  The terms and provisions of the Purchase Agreement and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate, creditors, the Successful Bidder, and any of such parties' respective affiliates, designees, successors, and assigns, and shall be binding in all respects upon all of the Debtor's creditors, all prospective and actual bidders for the Campus, and all persons and entities receiving notice of the Motion, the Auction and/or the Sale Hearing notwithstanding any subsequent appointment of any trustee(s), examiner(s), or receiver(s) under any Chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee(s), examiner(s), or receiver(s) and shall not be subject to rejection or avoidance by the Debtors, its estate, creditors, or any trustee(s), examiner(s), or receiver(s).

22. <u>Non-Severability/Failure to Specify</u>.  The provisions of this Sale Order are non-severable and mutually dependent. The failure specifically to include any particular provision of the Purchase Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Purchase Agreement be authorized and approved in its entirety.

23. <u>Order Immediately Effective</u>.  Good and sufficient cause having been established, notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7052, 9014 or otherwise, the terms and conditions of this Bidding Procedures Order shall be immediately effective and enforceable upon its entry.

24. <u>Service</u>.  Within three (3) business days of entry of this Order, the Debtor shall serve a copy of this Order on the parties so designated in the *Order Establishing Notice Procedures*.

25. <u>Retention of Jurisdiction</u>.  This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Sale Order and the Purchase Agreement.

Dated: November 27, 2019
      White Plains, New York

                                      /s/ Robert D. Drain
                                      THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE