CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Matthew G. Roseman, Esq.
Bonnie Pollack, Esq.
Elizabeth M. Aboulafia, Esq.

*Counsel for the College of New Rochelle*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x
: 
In re: : Chapter 11
:
THE COLLEGE OF NEW ROCHELLE, : Case No. 19-23694 (RDD)
:
:
Debtor. :
:
----------------------------------------------------------------- x

**STIPULATED AND AGREED ORDER AUTHORIZING THE ASSUMPTION
AND ASSIGNMENT OF THE MERCY LEASE TO TTMH NEW ROCHELLE
HOLDINGS LLC EFFECTIVE *NUNC PRO TUNC* TO THE CLOSING DATE**

The College of New Rochelle, the above-captioned debtor and debtor-in-possession (the "Debtor"), TTMH New Rochelle Holdings LLC, as assignee of the Trustees of the Masonic Hall and Asylum Fund (the "Purchaser") and Mercy College ("Mercy" and, together with the Debtor and the Purchaser, the "Parties"), by and through their undersigned counsel, hereby enter into this stipulation (this "Stipulation") and agree as follows:

**RECITALS**

**WHEREAS**, on September 20, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under the chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

3502251.2 2/25/2020

**WHEREAS**, prior to the Petition Date, on or around June 28, 2019, the Debtor, as landlord, and Mercy, as tenant, entered into that certain Lease Agreement (the "Mercy Lease") pursuant to which Mercy would lease (or sub-lease or sub-sub-lease, as applicable) the real property constituting the Debtor's campus as described in Exhibits A – C of the Mercy Lease (the "Land"), together with all improvements and buildings except for those specifically excluded in the Lease (the "Buildings") and all furniture, fixtures, equipment and all other personal property located in the Buildings necessary to occupy and use the Buildings for their intended use (the "Equipment and Furnishings" and, together with the Land and the Buildings, the "Premises") for a period of up to two (2) years, with termination options during the second year, the term of which commenced on or around August 1, 2019; and

**WHEREAS**, on or about February 1, 2020, Mercy exercised its early termination option under the Mercy Lease, which termination will be effective at 5:00 P.M. on August 31, 2020; and

**WHEREAS**, on October 17, 2019, the Bankruptcy Court entered an order approving certain bidding procedures in connection with the proposed sale of the Debtor's estimated 15.6 acre campus located at 29 Castle Place, 215 Liberty Avenue and 226 Liberty Avenue, New Rochelle, New York 10805 and certain other assets set forth in a form of asset purchase agreement, which assets specifically exclude personal property owned by the Debtor (the "Acquired Assets"); and

**WHEREAS**, following an auction held on November 21-22, 2019, on November 27, 2019, the Bankruptcy Court entered the *Order (I) Approving Sale of the Campus Free and Clear of Liens, Claims, Encumbrances and Other Interests and (II) Granting Related Relief* (the "Sale Order" at Dkt. No. 176) pursuant to which the Bankruptcy Court authorized the sale of the Acquired Assets to the Trustees of the Masonic Hall and Asylum Fund, subject to the terms of the

Mercy Lease, pursuant to that certain Asset Purchase Agreement, dated as of November 22, 2019 (the "APA"); and

**WHEREAS**, pursuant to the APA, the Debtor conveyed the Acquired Assets to the Purchaser as of January 31, 2020 (the "Closing Date"); and

**WHEREAS**, simultaneous with the closing of the sale of the Acquired Assets to the Purchaser, the Debtor and Purchaser have entered into an Assignment and Assumption of Lease Agreement (the "Assignment"), a copy of which is annexed hereto as Exhibit "A", pursuant to which the Debtor will assign, and the Purchaser will assume, the Debtor's right, title and interest in and to the Mercy Lease, effective as of the Closing Date and subject to Bankruptcy Court approval; and

**WHEREAS**, simultaneous with the closing of the sale of the Acquired Assets to the Purchaser, the Debtor and Purchaser have entered into an Access Agreement (Pre Assignment) (the "Pre Access Agreement"), a copy of which is annexed hereto as Exhibit "B", pursuant to which the Debtor will have continued access to portions of the Premises prior to the approval of the Assignment; and

**WHEREAS**, simultaneous with the closing of the sale of the Acquired Assets to the Purchaser, the Debtor and Purchaser have entered into an Access Agreement (Post Assignment) (the "Post Access Agreement"), a copy of which is annexed hereto as Exhibit "C", pursuant to which the Debtor will have continued access to portions of the Premises upon approval of the Assignment; and

**WHEREAS**, subject to Bankruptcy Court approval, the Debtor desires to assign, convey and transfer to the Purchaser, and the Purchaser desires to accept and assume the Debtor's right, title, and interest in and to the Mercy Lease to the extent set forth herein; and

**WHEREAS**, the Debtor has determined, in the exercise of its sound business judgment, that the assumption and assignment of the Mercy Lease to the Purchaser on the terms set forth in this Stipulation (including all exhibits hereto) and the limited continued access to portions of the Premises is in the best interests of its estate and all creditors and parties in interest;

**NOW, THEREFORE**, the Parties hereby stipulate and agree, subject to the Bankruptcy Court's approval, as follows:

1. The above recitals are incorporated herein as agreed and are so-ordered.

2. Pursuant to sections 365(a) and 365(f) of the Bankruptcy Code, and subject to the terms of this Stipulation, the Debtor is authorized to assume and assign the Mercy Lease and to enter into the Assignment and Post Access Agreement.

3. The Mercy Lease is hereby assumed and assigned to the Purchaser, effective *nunc pro tunc* to the Closing Date, except that the Debtor shall not assign any leasehold interest related to Mercy's use of the Equipment and Furnishings owned by the Debtor which are subject to the Mercy Lease but not included among the Acquired Assets sold to the Purchaser pursuant to the APA. The Debtor shall continue to serve as landlord under the Mercy Lease to the limited extent necessary related to Mercy's use of such Equipment and Furnishings.

4. The Purchaser is deemed to have provided adequate assurance of its future performance under the Mercy Lease within the meaning of section 365(f)(2) of the Bankruptcy Code.

5. Section 19.3 of the Mercy Lease is hereby modified to require that notices to the landlord be sent to the following addresses, in addition to the addresses indicated for the Debtor:

> TTMH New Rochelle Holdings LLC
> 71 West 23rd Street
> New York, New York 10010
> Attention: Denise Wright Scott, COO

        With a copy to:

        Hodgson Russ LLP
        The Guaranty Building
        140 Pearl Street, Suite 100
        Buffalo, New York 14202
        Attn: Elizabeth A. Holden, Esq. and James C. Thoman, Esq.

6. Except as otherwise set forth in this Stipulation with respect to Equipment and Furnishings, the Purchaser hereby assumes and will observe and perform all obligations and duties of the Debtor under the Mercy Lease from and after the Closing Date, and the Debtor is released from any and all of its obligations, duties and/or liabilities as landlord under the Mercy Lease as of the Closing Date.

7. This Stipulation shall not be deemed to limit, alter or nullify any of Mercy's rights under the Mercy Lease, including but not limited to, Mercy's right to use all of the Debtor's Equipment & Furnishings for the duration of the Mercy Lease term.

8. To the extent that Mercy is required to pay any monetary sums to the Landlord under the provisions of the Mercy Lease, from and after the date this Stipulation is approved by the Bankruptcy Court, such sums shall be paid in full to Purchaser, notwithstanding this Stipulation being effective nunc pro tunc to the Closing Date.

9. Prior to entry of this Stipulation and Order, Mercy shall timely pay Rent to the Debtor, including but not limited to the months of February and March 2020, and the Debtor shall within one business day transfer, by wire or ACH transfer, such sums to the Purchaser, to the extent actually received from Mercy, pursuant to Section 4 of the Pre Access Agreement.

10. Upon approval of this Stipulation by the Bankruptcy Court, the Pre Access Agreement is hereby terminated and shall be of no further force and effect.

11. Capitalized terms not defined in this Stipulation shall have the meaning ascribed to them in the Mercy Lease.

12. This Stipulation is subject to the approval of the Bankruptcy Court and shall be of no force and effect unless and until approved by the Bankruptcy Court.

13. Each person who executes this Stipulation represents that he or she is duly authorized to execute this Stipulation on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation.

14. This Stipulation constitutes the complete and exclusive agreement of the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous agreements and understandings, oral or written, between the Parties with respect to such subject matter.

15. Subject to an order of the Bankruptcy Court approving this Stipulation, this Stipulation shall be binding upon and inure to the benefit of the Parties, and their respective administrators, representatives, successors and assigns.

16. This Stipulation shall be governed by and construed in accordance with the substantive law of the state of New York, and shall have the force and effect of an instrument executed and delivered under seal under the law of the state of New York.

17. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. This Stipulation may be executed by facsimile or PDF signature, and such signatures will be deemed to be as valid as an original signature, whether confirmed by delivery of the original in person.

18. Notwithstanding the possible applicability of Bankruptcy Rules 6004(a) and 6004(h) or otherwise, the terms and conditions of this Stipulation shall be immediately effective

upon so-ordering by the Bankruptcy Court, and the requirements of Bankruptcy Rules 6004(a) and 6004(h) are hereby waived.

19. The Bankruptcy Court shall retain jurisdiction to resolve any disputes between the Parties arising with respect to this Stipulation and this Stipulation may not be amended or modified except by further Order of this Court.

DATED:    Garden City, New York
          March 12, 2020

| | |
|---|---|
| CULLEN AND DYKMAN LLP | HODGSON RUSS LLP |
| /s/ Elizabeth M. Aboulafia | /s/ James Thoman |
| Elizabeth M. Aboulafia, Esq. | James Thoman, Esq. |
| Matthew G. Roseman, Esq. | The Guaranty Building |
| 100 Quentin Roosevelt Boulevard | 140 Pearl Street, Suite 100 |
| Garden City, NY 11530 | Buffalo, NY 14202 |
| (516) 357-3700 | (716) 856-4000 |
| *Counsel for the College of New Rochelle* | *Counsel for TTMH New Rochelle Holdings, LLC* |

BOND, SCHOENECK & KING, PLLC

/s/ Grayson T. Walter
Grayson T. Walter, Esq.
John Elleman, Esq.
1 Lincoln Center
Syracuse, New York 13202
(315) 218-8283

*Counsel for Mercy College*


SO ORDERED, there being no objections to the Debtor's motion, by notice of presentment dated March 13, 2020, for approval hereof, after due notice:

*/s/ Robert D. Drain*
United States Bankruptcy Judge

Dated:  White Plains, New York
        April 6, 2020