CULLEN & DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.

Counsel for The College of New Rochelle Liquidation Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:                                                          :    Chapter 11
                                                                :
THE COLLEGE OF NEW ROCHELLE,                                    :    Case No. 19-23694 (RDD)
                                                                :
                                                                :
                        Debtor.                                 :
                                                                :
----------------------------------------------------------------x

## SUPPLEMENT TO MOTION FOR ENTRY OF A FINAL DECREE

The College of New Rochelle Liquidation Trust (the "Trust"), successor in interest to The College of New Rochelle (the "Debtor"), the above-captioned debtor, by and through its attorneys Cullen and Dykman LLP, hereby files this Supplement (the "Supplement") to the motion dated April 1, 2021 (the "Motion") for entry of a final decree (the "Final Decree"), and respectfully states as follows:

1. On September 20, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

2. The Debtor remained in possession of its property and continued in the operation and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. An official committee of unsecured creditors (the "Committee') was appointed by the Office of the United States Trustee (the "U.S. Trustee") for the Southern District of New York in this chapter 11 case on October 30, 2019.

4. On April 1, 2021, the Trust filed the Motion seeking entry of a Final Decree closing this case (the "Bankruptcy Case"). Excepted from the proposed Final Decree was that the Court would retain jurisdiction to hear and determine the Tort Action. The Motion is incorporated herein by reference.

5. At the time the Motion was filed, the only outstanding substantive matter pending before the Court (other than that Tort Action) was the Trust's Motion Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure for Approval of Stipulation and Order Resolving Requests for Allowance of Superpriority Claims (the "9019 Motion"), which resolved the Request of Citizens Bank for Payment of Superpriority Administrative Expense Claim (the "Citizens Superpriority Motion") and the Application of the NRIDA Bond Trustee for Allowance and Payment of Superpriority Claim (the "NRIDA Superpriority Motion").

6. The 9019 Motion was granted after two (2) hearings thereon, memorialized by the Court's entry of an Amended Stipulation and Revised Order Resolving Requests for Allowance of Superpriority Claims (the "Stipulation and Order") on July 1, 2021. The Stipulation and Order was appealed by the Committee and CulinArt, Inc., which appeal remains pending in the District Court.

7. The Trust believes that the appeal may take considerable time to be determined by the District Court. Indeed, the District Court recently extended the Appellants' time to file their initial briefs for a period of 60 days. The administrative and financial burden on the Trust of having the Bankruptcy Case remain open during the pendency of the appeal is detrimental to the

estate particularly since the Trust's funds for administrative matters are dwindling, while the United States Trustee fees and other administrative costs attendant to keeping this case open are continuing unabated.

8. Accordingly, notwithstanding the pendency of the appeal, the Trust is requesting that the Bankruptcy Case be closed. To that end, the Trust has modified the Final Decree previously been filed with Court to provide not only that the Court will retain jurisdiction over the Tort Action but also that in the event the Stipulation and Order is overturned on appeal, the Trust shall reopen the Bankruptcy Case for further pleading, hearing and adjudication in connection with the 9019 Motion, the Citizens Superpriority Motion, and the NRIDA Superpriority Motion, as applicable, and all rights, interests, defenses and arguments of all parties with respect to the same are hereby preserved. . A copy of the revised Final Decree as well as a blacklined copy showing changes made to the last version filed with the Court are annexed hereto as Exhibit "A".

9. The Trust believes that modifying the Final Decree in the manner it proposes will not prejudice any party; it will allow the Bankruptcy Case to be closed and the administrative and financial burden on the Trust to be lessened while at the same time preserving the rights of the Trust, the Liquidation Trustee, Citizens Bank, the NRIDA Bond Trustee, the Trust Board, the Committee and any other creditor or party in interest to pursue and/or object to the pending motions for allowance of superpriority claims should the Court's approval of the 9019 Motion be overturned.

10. Accordingly, the Trust requests entry of the modified Final Decree in the form of annexed hereto for the reasons set forth herein and in the Motion.

**WHEREFORE,** the Trust respectfully requests that the Court enter the Final Decree, substantially in the form annexed hereto as Exhibit "A" and grant such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
September 13, 2021

CULLEN AND DYKMAN LLP

BY: _s/ Bonnie Pollack_
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
*Attorneys for The College of New Rochelle Liquidation Trust*

**EXHIBIT A**

19-23694-rdd    Doc 515    Filed 09/13/21    Entered 09/13/21 14:23:57    Main Document
Pg 6 of 9


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
In re:                                                       :  Chapter 11
                                                             :
THE COLLEGE OF NEW ROCHELLE,                                 :  Case No. 19-23694 (RDD)
                                                             :
                                                             :
                  Debtor.                                    :
                                                             :
------------------------------------------------------------ x

## FINAL DECREE

Upon the motion dated April 1, 2021 (the "Motion") and the Supplement to the Motion dated September 13, 2021 (the "Supplement")[1] of The College of New Rochelle Liquidation Trust (the "Trust"), successor in interest to The College of New Rochelle (the "Debtor"), the above-captioned debtor, by and through its attorneys Cullen and Dykman LLP, pursuant to section 350(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3022-1 of the Local Bankruptcy Rules for the Southern District of New York, for entry of a final decree (the "Final Decree") closing this chapter 11 case; and this Court having entered an order dated March 12, 2020, (the "Confirmation Order") confirming the *Third Amended Chapter 11 Plan* filed by the Debtor (the "Plan"); and notice of the Motion having been given as provided in the Motion, and such notice having been due and proper under the circumstances, and it appearing that no other or further notice need be provided; and the Court having found and determined that the chapter 11 case has been fully administered, except as regards the Adversary Proceeding styled *Official Committee of Unsecured Creditors v. Gwen Adolph, et. al*, Adv. Pro. No. 21-07002-RDD (the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion and the Supplement.

"Adversary Proceeding"); and that the legal and factual bases set forth in the Motion establish just cause shown for the relief granted herein, and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED AND DECREED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. Pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the above-captioned chapter 11 case (the "Bankruptcy Case") is hereby closed, except that the Adversary Proceeding shall remain open. This Court shall retain jurisdiction over and with respect to the Adversary Proceeding, and all matters prescribed under the Plan, the Confirmation Order, this Final Decree, and as provided under the Bankruptcy Code.

3. The Trust shall pay any outstanding U.S. Trustee quarterly fees due through the date hereof within fifteen (15) days of entry of this Final Decree and simultaneously provide the U.S. Trustee with an appropriate affidavit listing all disbursements not previously reported through the date of this Final Decree.

4. From and after the date of entry of this Final Decree and subject to the payment of the U.S. Trustee quarterly fees set forth in the preceding paragraph, the Trust shall not be obligated to pay any additional fees to the U.S. Trustee in respect of the Bankruptcy Case.

5. Following the entry of this Final Decree, the provisions of the Plan, the Confirmation Order, the Liquidation Trust Agreement And Declaration Of Trust (the "LTA"), and all related documents shall remain in full force and effect. Accordingly, without limitation:

   a. The Committee (as defined in the Plan, the "Committee") shall remain in existence until it is disbanded consistent with Article XII(J) of the Plan, and shall retain all standing, rights, and powers granted to the Committee in the Plan and the LTA,

2

including the right and standing to prosecute, settle, and/or withdraw the Adversary Proceeding.

      b.    The Trust shall remain in existence until it is terminated consistent with Article IV(D)(1) of the Plan and Article VII of the LTA, with the Liquidation Trustee (as defined in the Plan, the "Liquidation Trustee") and the Trust Board (as defined in the Plan, the "Trust Board") continuing in place as provided in the Plan and the LTA.

      c.    Any proceeds of the Adversary Proceeding shall be treated and distributed consistent with the terms of the Plan and the LTA.

6.    In the event that the Stipulation and Order is overturned on appeal, the Trust shall reopen the Bankruptcy Case for further pleading, hearing and adjudication in connection with the 9019 Motion, the Citizens Superpriority Motion, and the NRIDA Superpriority Motion, as applicable, and all rights, interests, defenses, and arguments of all parties with respect to the same shall be and are hereby preserved.

7.    In addition to the ability of the Trust to reopen this Case as provided in paragraph 6, the Bankruptcy Case may also be reopened upon application by the Debtor, the Trust, the Liquidation Trustee, the Trust Board and/or the Committee to enforce, effectuate, and/or take any action authorized by the Bankruptcy Code, this Final Decree, the Plan, the LTA, the Confirmation Order, or any related document. Such application shall be on notice to counsel to each of the Debtor, the Trust, the Liquidation Trustee, the Trust Board and the Committee to the extent such parties are represented by counsel in the case, with an opportunity to object and be heard.

8.  The Debtor, the Trust, the Liquidation Trustee, the Trust Board, and the Committee are authorized to take all actions necessary to effectuate the relief granted in this Final Decree.

9.  This Court shall retain jurisdiction over all matters arising out of or relating to this Final Decree, including jurisdiction to interpret and enforce the terms of this Final Decree.

Dated: _____, 2021
White Plains, New York

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE